UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHERRY HILL PROGRAMS, INC., and CHERRY HILL ACQUISITION HOLDINGS, INC.,

   Plaintiffs,

 v.

JONAS SULLIVAN,

   Defendant.

No. 1:21-cv-20248-NLH-SAK

**OPINION**

---

**APPEARANCES**:

MATTHEW E. BECK, ESQ.
CHIESA SHAHINIAN & GIANTOMASI PC
ONE BOLAND DRIVE
WEST ORANGE, NJ 07052

WILLIAM BERNDT, ESQ. (*PRO HAC VICE*)
NICHOLAS BURANDT, ESQ. (*PRO HAC VICE*)
HONIGMAN LLP
155 NORTH WACKER DR., SUITE 3100
CHICAGO, IL 60606

 *On behalf of Plaintiffs Cherry Hill Programs, Inc., and Cherry Hill Acquisition Holdings, Inc.*

AARON KRAUSS, ESQ.
DANIEL E. BROBST, ESQ.
COZEN O'CONNOR
1010 KINGS HIGHWAY SOUTH
CHERRY HILL, NJ 08034

 *On behalf of Defendant Jonas Sullivan.*

**HILLMAN**, **District Judge**

 This matter comes before the Court by way of Cherry Hill Programs, Inc. and Cherry Hill Acquisition Holdings, Inc.'s

("Plaintiffs") Motions to Seal (ECF Nos. 20, 33). Plaintiffs argue that the information presented by Defendant Jonas Sullivan in his Motion to Dismiss (ECF No. 14) and the information presented by Plaintiffs in their Reply Motion for a Preliminary Injunction (ECF No. 25) is highly sensitive, confidential business information that will cause immediate harm to Plaintiffs if the information was left accessible to the public on the Court's docket. With regard to Plaintiffs' first Motion to Seal (ECF No. 20), Defendant opposes the motion, asserting that the information provided in its Motion to Dismiss is pertinent to his defense against Plaintiffs' claims and that any business-related information cited is nonspecific and stale, and therefore could not cause harm to Plaintiffs. (ECF No. 23). Defendant does not oppose Plaintiffs' second motion to seal. (ECF No. 33 at 3).

For the reasons discussed below, both Motions to Seal (ECF Nos. 20, 33) will be granted.

## BACKGROUND

Plaintiffs organize holiday photo and meet-and-greet opportunities in malls and other commercial spaces around the country. See (ECF 11 at 2). Plaintiffs hired Defendant in 2015 where he worked as a Senior Vice President and, for a portion of that time, was a board member for the company. (Id. at 2-3). In those roles, Plaintiffs allege that Defendant had substantial

access to proprietary business information and that he impermissibly retained that information after Defendant announced his resignation on August 3, 2021. On August 3, Defendant allegedly copied approximately 4,000 files from his work computer onto a personal, external USB drive. (Id.). Defendant asserts that he downloaded those files for work purposes because he worked beyond his resignation date and further asserts that he deleted those files at a later date. (ECF No. 23 at 9). On August 30, 2021, Defendant ultimately returned his work laptop to Plaintiffs at their headquarters in New Jersey but did not return the USB device. (ECF No. 11 at 2-3). Plaintiffs paid Defendant severance payments in exchange for his agreement not to compete. (Id.).

Plaintiffs initially filed this action on November 29, 2021. (ECF No. 1). On January 31, 2022, Plaintiffs filed an Amended Complaint. (ECF No. 11). On February 11, 2022, Plaintiffs filed a Motion for Preliminary Injunction (ECF No. 12) along with a Motion to Expedite Discovery (ECF No. 13). On February 14, 2022, Defendant filed a Motion to Dismiss the Amended Complaint for lack of personal jurisdiction in which he revealed allegedly confidential business information. (ECF No. 14). On March 2, 2022, the Court denied Plaintiffs' Motion to Expedite Discovery. (ECF No. 19). The Court then held a hearing for the Motion to Dismiss and the Motion for Preliminary

Injunction on March 21, 2022.  (ECF No. 19).  On April 12, 2022, the Court supplemented its oral opinion given at the hearing, denying Defendant's Motion to Dismiss for lack of jurisdiction and granting in part Plaintiffs' Motion for Preliminary Injunction restricting Defendant from using any of Plaintiffs' proprietary business information and denied that motion to the extent that the Court did not issue a broader non-compete order.  (ECF No. 38 at 14).  With discovery underway, the Court now finds the issue of sealing pertinent parts of the record ready for decision.

## **DISCUSSION**

### **I.   Subject Matter Jurisdiction**

This Court has original jurisdiction under 28 U.S.C. § 1331 and § 1367.

### **II.  Standard for a Motion to Seal**

Local Civil Rule 5.3 has several requirements that a party must address for a court in this District to restrict public access to court documents:

> (a) the nature of materials or the proceedings at issue;
> (b) the legitimate private or public interest which warrants the relief sought;
> (c) the clearly defined and serious injury that would result of the relief sought is not granted;
> (d) why a less restrictive alternative to the relief sought is not available;
> (e) any prior order sealing the same materials in the pending action; and

4

>>(f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(2). The party moving to seal must submit a proposed order that contains proposed findings of fact and conclusions of law. Id.

The Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings. In re Avandia Mktg., Sales Practices & Prods. Liab. Litig., 924 F.3d 662, 670-74 (3d Cir. 2019). When discovery materials are filed as court documents, a more rigorous common law right of access is applied. Id. at 670. "In addition to recognizing fewer reasons to justify the sealing of court records, the public right of access — unlike a Rule 26 inquiry — begins with a presumption in favor of public access." Id. To rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Boehringer Ingelheim Pharma GmbH & Co. v. Mylan Pharms., No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785

5

F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987)).

### III. Analysis

#### a. Motion to Seal, Docket Entry 14 (ECF No. 20)

Plaintiffs' first Motion to Seal seeks to redact excerpts of Defendant's Motion to Dismiss and select portions of the supporting documents. (ECF No. 20). Plaintiffs' motion is opposed by Defendant. (ECF No. 23). Defendant argues that the information he included in his motion to dismiss is relevant to his defense and generalized enough to not cause irreparable harm if disclosed on the public docket. (Id.).

The specific information at issue in Defendant's Motion to Dismiss discloses "bottom line" information relating to Plaintiffs' valuation, which is nonpublic given that the corporations in question are private, closely held companies. (ECF No. 14 at 8, 23, 24, 54). Defendant also discusses specific clients he was working to "close deals" with during the period of time after his resignation and prior to his laptop being returned to the company. (Id. at 24). Defendant also discloses excerpts of his employment contract. (Id. at 26-31). While this information may be pertinent for the Court to know for its ability to resolve the Motion to Dismiss (which was resolved in Plaintiffs' favor, see ECF No. 38), this information is not related to a matter of "public interest" or a government

6

entity. This litigation is between private parties and does not include a government agency or a matter of "public concern," where the threshold for sealing is elevated. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 788 (3d Cir. 1995).

Plaintiffs seek to redact the specific financial numbers and client names Plaintiffs claim to be confidential, nonpublic information that Defendant referred to in his documents, which would be the least restrictive method to balance Plaintiffs' privacy interests and the public's ability to access the public record. See (ECF No. 20-5). Moreover, the Court found that Plaintiffs have a likelihood of success on the merits with respect to Plaintiffs' claims regarding the Defend Trade Secrets Act, 18 U.S.C. § 1836 and the New Jersey Trade Secrets Act, N.J.S.A. 56:15-1, et seq. which resulted in the preliminary injunction being granted in part in this matter.[1] In its decision, the Court reviewed the information provided in Defendant's motion and decided to restrict Defendant from using the same "information that he does not have any right to use in any event." (ECF No. 38 at 12-16).

Defendant asserted that because Plaintiffs do name some of their clientele on their website, the clients named in

---

[1] The preliminary injunction was denied in part to the extent that Plaintiffs requested a broader non-compete order. (ECF No. 38 at 14).

7

Defendant's Motion to Dismiss should not be considered confidential information. (ECF No. 23 at 1-4). Defendant also asserted that the financial information was "disclosed without confidential designation" and that such information was old and therefore could not cause harm in the present. (Id. at 5).

The Court has reviewed the alleged harmful information in the Motion to Dismiss and notes that while the likelihood of irreparable harm remains a "close call," the Court ultimately leans in Plaintiffs' favor. (ECF No. 38 at 13). The Plaintiffs remain private, closely held corporations, and as such "bottom line" financials are not disclosed to the public. The release of such information, even if somewhat dated, can cause significant harm to a corporation. In the specific instance where Defendant reveals information via the shareholder repurchase letter, Defendant's argument that it was not designated confidential is unavailing. Defendant was on notice that the stock repurchase letter was confidential from the confidentiality clause within the letter itself. (ECF No. 23 at 46). More importantly, shareholders are expected to keep nonpublic information confidential as part and parcel with their duties to the company, and in this instance, Defendant was further on notice of is confidentiality obligations pursuant to the employment agreement Defendant signed. (ECF No. 12 at 54, survival clause).

Additionally, the revelation of several client identities is not the only issue that Defendant's motion presents: the context in which Defendant discusses specific clients also could create harm in that competitors could ascertain when certain contracts are up for renegotiation, among other competitive insights.  The redaction of these documents overall is minimal in comparison to what remains on the open record and would not impede a reader's ability to understand the arguments presented by the Defendant.

Once a bell has been rung, it cannot be undone, and with the heart of the case turning on the allegation of trade secret misappropriation, the Court here must exercise caution because any disclosure cannot be cured post trial.  Nat'l Reprographics, Inc. v. Strom, 621 F. Supp. 2d 204, 229 (D.N.J. 2009).  Thus, Plaintiffs have substantially complied with Local Civil Rule 5.3, and showed good cause to justify keeping these materials redacted on the docket.  Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1070-71 (3d Cir. 1984).

### b. Motion to Seal, Docket Entry 25 (ECF No. 33)

The second motion lodged by Plaintiffs seeks to permanently seal Exhibits A-F that were submitted in support of Plaintiffs' Motion for a Preliminary Injunction, which was granted by this Court on April 12, 2022.  (ECF No. 38).  It is unopposed by Defendant.  (ECF No. 33 at 3).  The Court has reviewed the

material Plaintiffs wish to seal and finds that sealing of these materials is warranted.

The nature of the materials presented as Exhibits A-F are the kind of materials that are generally considered confidential by courts: CHP's three-year business plan, profit and loss analysis of specific clients, contract statuses of specific clients, expense reports, employee compensation, and sales history for a certain client. See (Id. at 2); Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc., No. 14-4727, 2015 WL 4715307 at *2 (D.N.J. Aug. 7, 2015).  The revelation of this kind of nonpublic business information is even more potentially damaging for closely held, private companies such as Plaintiffs because such information is almost never shared as a rule.  Plaintiffs articulated their interest in maintaining competitiveness in their markets, as well as protecting their client and employee contracts, by requesting the Court to keep this information under seal.  (ECF No. 33 at Ex. A).  While the Court notes that litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1995).  However, in this matter, the sensitive business nature of the documents militates this Court

10

to balance in favor of Plaintiffs' sealing request.[2]

Plaintiffs clearly defined the serious injury that would result if these documents were accessible on the public docket. (ECF No. 33 at Ex. A). Specifically, Plaintiffs assert that the detailed, internal information regarding customer sales and contract terms could allow clients to change their bids and offers, could potentially violate their confidentiality agreements with clients, allow competitors to poach their clientele, and could impact their ability to retain employees. (Id.). Plaintiffs also assert that there is no less restrictive alternative to protect their information because the documents are almost entirely comprised of the internal data and strategy analysis, and the Court agrees. (ECF No. 25).

Moreover, the Court has previously issued a temporary seal on these materials in this action (ECF No. 25) and granted a preliminary injunction upon the same information.[3] (ECF No. 38).

---

[2] The Court notes that this litigation is between private parties and does not include a government agency or a matter of "public concern," where the threshold for sealing is elevated. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 788 (3d Cir. 1995).

[3] To the extent the Court referred, in its oral and written Opinions to date, to the contents or substance of materials placed under seal previously or by virtue of this Opinion, such sealing orders are lifted only for that limited purpose. As this litigation proceeds, the Court retains the authority, after notice, to lift any previously entered sealing Order, in whole or in part, if doing so becomes necessary for the Court to explain its decisions on the public docket.

Finally, the request is unopposed by Defendant.  Thus, Plaintiffs have substantially complied with Local Civil Rule 5.3, and articulated specific allegations of harm to show good cause to justify sealing these materials.  See Publicker, 733 F.2d at 1070-71 ("The party seeking . . . the sealing of a transcript bears the burden of showing that the material is the kind of information that courts will protect and that there is good cause for the order to issue.  Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity.  The exception that is closest to this case is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.") (internal citations omitted).

## **CONCLUSION**

For the reasons discussed above, both Plaintiffs' motions to seal will be granted.

An appropriate Order consistent with this Opinion will be entered.

Date: October 24, 2022            s/ Noel L. Hillman
At Camden, New Jersey             NOEL.L. HILLMAN, U.S.D.J.